# Davis, Appellant, v. Snyder.

*Judgments—Judgment by confession—Opening judgments—Discretion of court.*

1. It is not an abuse of judicial discretion to open a confessed judgment entered upon a judgment note where the evidence shows mysterious and unnatural conduct on the part of the plaintiff, where no purpose, reason or motive for the action of the judgment defendant in borrowing the money alleged to be the consideration for the note appears, but where it does appear that he was seventy-three years old at the time of the transaction and was shortly, thereafter judicially determined to be of enfeebled intellect.

*Practice, Supreme Court—Assignments of error—Defective assignments.*

2. An assignment of error raising objections to depositions which does not show that such objections were raised in the court below will not be considered by the Supreme Court.

Argued Feb. 15, 1915.   Appeal, No. 293, Jan. T., 1913, by plaintiff, from judgment of C. P. Schuylkill Co., No. 144, July T., 1910, opening confessed judgment in case of W. J. Davis v. Solomon Snyder.   Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why confessed judgment should not be opened and defendant let in to a defense.   Before BRUMM, J.

The facts appear by the opinion of the Supreme Court. The court opened the judgment.   Plaintiff appealed.

*Error assigned* was in opening judgment.

*Robert A. Rcick,* for appellant.

*R. J. Graeff,* for appellee was not heard.

PER CURIAM, March 22, 1915:

The learned court below, in the exercise of the discretion vested in it, could not have denied the application of the appellee for the opening of the judgment entered against him by the appellant. We concur in its conclusion that all the testimony, records and facts developed in the case show very mysterious and unnatural conduct on the part of the plaintiff, as well as a want of purpose, reason or motive for the defendant's borrowing the money as alleged. At the time the appellee is alleged to have borrowed the money from the appellant he was seventy-three years of age. Three years later he was declared to be a person of feeble mind, in proceedings instituted in the court below, and it appeared that, at the time the appellant alleges the money was loaned to him, he was possessed of an ample estate of his own. Though notified, through his attorney, to be present when the depositions were taken in support of the petition to open the judgment, that he might be cross-examined, the appellant declined to appear and explain his alleged business transactions with the appellee. This, in itself, is quite significant, but, that he may not be prejudiced in asking the jury to sustain his judgment, we forbear saying anything more as to the merits of the case.

It does not appear from the assignments of error that the objections made to the depositions on this appeal were made in the court below. They are not, therefore, to be considered here: Winton v. Little, 94 Pa. 64.

Appeal dismissed at appellant's costs.